### McMAKIN v. GOWAN.

1. Plaintiff held a sealed note against the defendant, dated in 1862, and in 1873 he received a certain sum in settlement and surrendered the note. In 1879, more than six years afterwards, plaintiff brought this action against defendant, alleging that the settlement was made by agreement under the scaling act, and that there was an error in the settlement by a stated amount, which was unpaid, and for which he demanded judgment. *Held,* that the action was barred by the statute of limitations.
2. The action was not for equitable relief, and, therefore, governed by section 120 of the code of procedure, but was founded upon a purely legal demand.
3. The action not being founded upon the sealed note, but upon an alleged agreement at which the note was surrendered, the limitation of twenty years did not apply.

Before PRESSLEY, J., Spartanburg, March, 1882.

Action by James McMakin against William Gowan, and after the death of William Gowan revived against his executors. The opinion states the case.

*Messrs. Bobo & Carlisle,* for appellant.

*Messrs. Evins, Simpson & Bomar,* contra.

February 15th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The principal question in this case is whether the claim of appellant was barred by the statute of limitations. The presiding judge, Judge Pressley, so held, and also that the laches of appellant was sufficient to bar the action. The appellant excepted to the rulings of his Honor on both the points. The case was heard on the pleadings without testimony from either side.

The action was in substance an action at law for the recovery of money, $92.76, balance on agreement omitted to be paid by mistake in the calculation. The allegation of the complaint

was that the defendants' intestate, in November, 1862, had given the plaintiff a sealed note for $672; that on July 25th, 1873, at the request of defendant, the plaintiff made a calculation of the amount due according to the Corbin scale, which defendant then paid, the amount being $432.76; that afterwards he found that there was an error in the settlement to the amount of $92.76, of which the defendant was at once informed, but had refused and neglected to pay the additional sum, and the plaintiff prayed judgment for $92.76. The defendant denied that there was any mistake as to the settlement, stating that the note had been given in purchase of a slave; that it being doubtful at that time whether such notes were recoverable, the plaintiff, on July 25th, 1873, after some calculation, agreed with defendant to receive in full payment of the note, by way of compromise, the sum which was paid, the plaintiff at the same time surrendering and delivering up to the defendant the note. He further denied that the sum which plaintiff agreed to take, and which the defendant paid, had any reference to the Corbin act whatever, but was proposed and accepted as a definite sum for settlement by way of compromise. He also interposed the statute of limitations and asked a dismissal of the complaint. The presiding judge dismissed the complaint as stated, with costs.

The settlement was made on July 25th, 1873; this action was commenced on September 10th, 1879, something over six years intervening between the two events. It cannot be doubted that if the cause of action is a money demand, founded on contract to pay a certain sum on July 25th, 1873, only a part of which was then paid, leaving a balance due, for which balance the action has been brought, that then the statute is a complete bar. If not, we cannot conceive of a case where it would be. The right of action accrued on July 25th, 1873, and more than six years have elapsed since without any payment or post-acknowledgment, new promise, or anything that would prevent the statute from being interposed.

This seems to be admitted by appellant on the case stated, but the effort is made to construct out of the facts a different case from the one suggested, demanding the application of a different rule as to the statute. First, it is contended that it is not a case

at law, but a case in equity for relief, and as to the statute of limitations it is governed by section 120 of the code (first edition), which provides "that actions for relief not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued."

This has some plausibility, but it is without real foundation. The action is not an action to reconstruct the agreement between these parties and to add something to it, which by mistake was left out at the time it was entered into, but it is to recover a certain sum of money which the appellant alleges the defendant contracted to pay, but which by mistake he did not pay. The cause of action is not the mistake, but the breach of promise. This breach is alleged to have occurred through a mistake in the calculation of the amount due. The calculation was not based on a mistaken agreement; it was based on the agreement as understood by the plaintiff, and the mistake occurred simply in the figures.

This can make no difference as to the cause of action. If the agreement required the defendant to pay the full amount now claimed by the appellant, as he contends, and the defendant has failed to do so from any cause, whether inability, perverseness, mistake or otherwise, the plaintiff has a right of action; not, however, on the cause which produced the failure to comply, but upon the failure itself, arising from whatever cause it may. Taking the agreement of the parties, as understood by the appellant, to be the true agreement, what is it? He alleges that the note was to be settled under the scaling act, but in applying this act he made a mistake in the calculation. Admit this; then it would follow that defendant, according to the agreement, was at that time indebted in the sum omitted by this mistake, having paid all but that; not indebted, however, on account of the mistake, but before the mistake occurred, and on the agreement made. The case in its essential elements is nothing more than an ordinary case of breach of contract, remediable by action at law for the recovery of money, to wit, the amount due according to the terms of the contract, after allowing defendant credit for such amount as he may have paid; and such being the case, the limitation act applicable to such cases, must apply.

It is contended, however, that the original note was a sealed note, and this will prevent the statute. If the action was upon the note, this point would be well taken; but such is not the fact. According to plaintiff's own statement a new contract was made, which, being performed, as plaintiff understood, the note was delivered up and canceled, and now plaintiff has brought his action, not on the old note alleging that it was lost or destroyed and that there is something yet due on it, but upon the new promise alleging that defendant has failed to comply fully with that promise, and he seeks to recover the balance due on the new contract. He cannot now interject the sealed note, but must stand or fall by the cause of action found in his complaint. We think section 113 of the code (first edition) applies, and six years having elapsed from the accrual of the right of action on the cause alleged in the complaint, the action was properly held barred by the presiding judge. It is hardly necessary to discuss the doctrine of laches. We think, however, that Judge Pressley was right, even supposing that this case was an equity case. *Kirksey* v. *Keith*, 11 *Rich. Eq.* 33; *White* v. *Bennett*, 7 *Rich. Eq.* 260.

The case of *Oakes* v. *Howell*, 27 *How. Pr.* 145, relied on by appellant as to the statute, does not apply. There the action was to reform a sealed agreement entered into between the parties, the plaintiff alleging that by the terms of the contract as actually made, annual interest was to be paid, but that this stipulation was left out of the written agreement by "inadvertence, mistake, or oversight," and he sought to reform this agreement in the equity jurisdiction of the court. The court held that the case was within the ten years limitation prescribed by the code (in our code, section 120). But it will be at once seen that the facts and the object of the two actions were widely different, and therefore *Oakes* v. *Howell* can have no application here.

It is the judgment of this court that the order below be affirmed.